THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00266-MR-DLH

| | |
|---|---|
| CARL WOMACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| MERRIMON OXLEY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2].

Because the Plaintiff, who is proceeding *pro se*, seeks to proceed *in forma pauperis*, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners"). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 827, 104 L.Ed.2d 338 (1989). The

Fourth Circuit has offered the following guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including such claims that describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327, 328, 109 S.Ct. 827.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction ... [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). A complaint fails to state a claim where it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868

(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotation marks omitted)).

Here, the Plaintiff asserts claims under 42 U.S.C. § 1983 and 18 U.S.C. § 242 against Merrimon Oxley, an attorney who is serving as the Guardian of the Estate of the Plaintiff's mother, Ruth Womack. As grounds for his claims, the Plaintiff contends that his mother renounced her interest in certain real property that she received by inheritance, thereby transferring ownership of the property to the Plaintiff. Thereafter, Ms. Oxley was appointed as the Guardian of the Estate for Ms. Womack. Ms. Oxley filed a motion to aside the renunciation. However, the Plaintiff complains that Ms. Oxley never requested a hearing on her motion, and therefore it remains pending. Meanwhile, the Plaintiff contends that foreclosure proceedings were initiated, and the Plaintiff was unable to sell the property in his own right to avoid foreclosure. [Doc. 1].

The Plaintiff's Complaint is frivolous and fails to state a claim upon which relief can be granted. As the Fourth Circuit has explained:

> To implicate 42 U.S.C. § 1983, conduct must be fairly attributable to the State. The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions. Thus, the Supreme Court has held that private activity will generally not be deemed

> "state action" unless the state has so dominated such activity as to convert it into state action: [m]ere approval of or acquiescence in the initiatives of a private party is insufficient.

DeBauche v. Trani, 191 F.3d 499, 506-07 (4th Cir. 1999) internal quotation marks and citations omitted). Here, the Plaintiff has not brought suit against a state actor; instead, he has attempted to sue an attorney who is serving as a guardian on behalf of his mother. Further, the Plaintiff has made no allegation that the Defendant has a sufficiently close relationship with state actors such that the Court could conclude that she is engaged in governmental action. Even if the Defendant were a state actor (which she is not), the Plaintiff does not identify any conduct by the Defendant which could possibly be construed as a deprivation of the Plaintiff's constitutional rights. For all these reasons, the Plaintiff has no basis to assert a § 1983 claim in this case.

The Plaintiff's claim under 18 U.S.C. § 242 is also subject to dismissal as being frivolous for these same reasons. In addition, this claim is also subject to dismissal because § 242 does not provide any basis for filing a civil suit. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Section 242 makes it a criminal offense for anyone acting under color of law to deprive another person of any federally protected right "on account of such

4

person being an alien, or by reason of his color, or race.…" 18 U.S.C. § 242. Even if a civil action could be maintained under this statute, the Plaintiff makes no allegation that he is an alien or is being discriminated again due to his color or race.

Upon review of the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, the Court finds that he is unable to make prepayment of the required fees and costs and therefore the Application should be allowed.  The Court concludes, however, that the allegations set forth in the Plaintiff's Complaint are frivolous and fail to state a cognizable claim upon which relief may be granted.  When a Court determines upon a § 1915(e) review that a complaint is factually or legally baseless, the Court must dismiss the case.  See Neitzke, 490 U.S. at 328, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); White, 886 F.2d at 724.  It is the intent of Congress that such dismissals occur prior to service of the complaint on defendants. Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996).  As such, the Court will dismiss this civil action.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] is **ALLOWED**.

**IT IS FURTHER ORDERED** that this action is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

The Clerk of Court is hereby directed to close this case.

**IT IS SO ORDERED.**

Signed: September 28, 2018

Martin Reidinger
United States District Judge